ORIGINAL

FILED
MAR 1 5 2005
U.S. COURT OF
FEDERAL CLAIMS

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

VT HALTER MARINE, INC.,
Plaintiff,

versus

THE UNITED STATES OF AMERICA,
Defendant.

Civil Action No. 05- 369C

Judge ______________

## COMPLAINT

COMES NOW Plaintiff, VT Halter Marine, Inc. ("VTHM"), through undersigned counsel, who hereby asserts the following for its Complaint against the Defendant, the United States of America, acting through and by the United States Army Tank-Automotive and Armaments Command ("TACOM"), and states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the Tucker Act, 28 U.S.C. § 1491. VTHM brings this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq.* ("CDA").

2. Pursuant to the CDA, this action is an appeal from the Contracting Officer's final decision, issued on February 17, 2005, to partially terminate for default Contract No. DAAE07-01-C-T018 (the "Contract").

## PARTIES

3. Plaintiff, VTHM, is a corporation organized under the laws of the State of Delaware, with its principal place of business in Pascagoula, Mississippi.

4. The Defendant is the United States of America, acting through its agency, instrumentality, and/or agency, TACOM.

## FACTUAL BACKGROUND

5. Prior to 2001, VTHM, through its predecessor Halter Marine, Inc., successfully designed, constructed and delivered six (6) logistics support vessels, designated as "LSV 1" through "LSV 6," for the United States of America, which contracts were administered by an Army agency other than TACOM. LSV 1 through LSV 6 were contracted for, designed, and constructed to commercial standards.

6. On or about September 18, 2001, VTHM, through its predecessor Halter Marine, Inc., was awarded the Contract for the design, engineering development, fabrication, testing, configuration, preparation of logistics management information, performance of end user training and program management of a logistics support vessel designated as "LSV 7," which Contract was to be administered by TACOM. The LSV 7 Contract was similar to the LSV 1 through LSV 6 in that it required the vessel to be designed and constructed to commercial standards.

7. The Contract incorporates certain sections of the Federal Acquisition Regulations ("FAR"), including Section 52.249-8, Default (Fixed-Price Supply and Service) (Apr. 1984).

8. The Contract contained options for the procurement of two additional logistics support vessels designated as "LSV 8" and "LSV 9."

9. By formal modification of the Contract, Modification P00005, dated December 17, 2002, TACOM exercised the first option for LSV 8.

10. TACOM has not exercised the second option for LSV 9.

11. Physical construction of LSV 7 and LSV 8 is substantially complete.

12. The Contract, as originally awarded, required not only physical construction of the vessels, transportation, training and testing, but also development and delivery of manuals, publication and other written materials comprising the Contract Data Requirements List items (CDRLs) under CLIN 0036AA of the Contract.

13. On July 7, 2004, VTHM formally submitted to TACOM two certified claims: one which sought an equitable adjustment of the Contract price as result of inactions, misdirection and misguided or inappropriate evaluation by TACOM, which delayed and increased VTHM cost to perform the CDRLs and another which pertained to the issue of the level of drawing submissions required by the Contract. (Hereinafter the claims are collectively referred to as the "Certified Claims.")

14. In response to VTHM's submission of its Certified Claims, on July 30, 2004, TACOM issued a written notice to VTHM requesting that VTHM show cause why the "logistics management information (LMI) portion" of the Contract should not be terminated for default.

15. During August and September 2004, the parties negotiated and subsequently agreed through both verbal and written communications that TACOM would remove CDRLs C008 through C032 (hereinafter collectively referred to as the "LMI/Technical Publication CDRLs") from the Contract through bilateral modification, rather than default termination, and VTHM would provide TACOM all of the equipment vendors' commercial off-the shelf manuals ("COTS manuals") that VTHM had received throughout the construction of the vessels but that VTHM's Certified Claims would be expressly reserved.

16. On September 21, 2004, TACOM sent VTHM a draft version of Modification P00006, which, contrary to the parties' express agreement, made the bilateral removal of the LMI/Technical Publication CDRLs contingent upon VTHM releasing its Certified Claims.

17. Prior to receipt of VTHM's objections to draft Modification P00006 and for reasons unknown to VTHM, three days later, on September 24, 2004, TACOM reversed course and issued a notice terminating for default the LMI/Technical Publication CDRLs based upon "failure to deliver the Logistics Management Information (LMI) portion [of the Contract] in accordance with the contract delivery schedule."

18. On October 29, 2004, TACOM unilaterally issued Modification P00007 ("Mod. 7"), which formally terminated for default the LMI/Technical Publication CDRLs of the Contract and further provided that bilateral Modification P00006 would not be issued.

19. After issuance of Mod. 7, the parties again negotiated an agreement whereby, among other things, VTHM agreed to release its Certified Claims in consideration of TACOM rescinding its termination for default action and, instead, removing the LMI/Technical Publication CDRLs through a bilateral modification.

20. On December 23, 2004, TACOM and VTHM executed bilateral Contract Modification P00008 ("Mod. 8"), which rescinded Mod. 7 and removed from the Contract the same LMI/Technical Publication CDRLs as were removed pursuant to Mod. 7.

21. Included within the CDRLs removed from the Contract by Mod. 8 are:

| **CDRL** | **ELIN** | **Title** | **CLIN Price** |
|---|---|---|---|
| C023 | PUB-004 | Commercial Off-the-Shelf (COTS) Manual | $100,489 |
| C028 | PUB-009 | Commercial Off-the-Shelf (COTS) Manual Changes | NSP |

22. Had CDRLs C023 and C028 not been removed from the Contract, VTHM would have had to perform certain task including but not limited to:

- Prepare and deliver COTS manuals suitable for Government use per DI-TMSS-80527A;

- Prepare and deliver supplemental data to augment the existing data of each COTS manual;
- Produce an Acrobat ETM file of each COTS manual;
- Establish bookmarks for the table of contents page, the first page of alphabetical indexing, the first page of each work package, the first page of each chapter, the first page of each section and for each reference within the same manual;
- Validate the accuracy and usability of all publication deliverables;
- Obtain copyright statement/license;
- Make correction and submit Camera-ready copy COTS manuals within 30 days of Government review and return;
- Provide publication changes reflecting and/all changes to the printed technical manuals resulting from configuration/equipment changes between LSV 7 and LSV 8.

23. Had CDRLs C023 and C028 not been removed from the Contract, TACOM would have had to pay VTHM $100,489 for performance of the CDRLs requirements.

24. Notwithstanding the removal of the CDRLs C023 and C028 and all associated Contract requirements, Mod. 8 included the parties' previous, well-documented negotiated agreement, wherein VTHM agreed to hand over to TACOM any and all of the COTS manuals that VTHM had received from the vendors of the equipment incorporated into the vessels.

25. Accordingly, Paragraph 9 of Mod. 8, which pertains to the TACOM's delivery schedule of Government Furnished Material, provides that the schedule "is contingent upon VTHMI providing acceptable Commercial Off-the-Shelf (COTS) Manuals for all applicable LSV systems no later than 31 Jan 05."

26. At no time did VTHM agree that it would perform all the requirements of CDRLs C023 and C028, notwithstanding the removal of the CDRLs C023 and C028 from the Contract (and removal of TACOM's obligation to pay VTHM for performance of the CDRLs).

27. Upon information and belief, TACOM has contracted with A&I Technology, Ltd. (a British company specializing in LMI preparation) to perform the LMI/Technical Publication CDRLs, including the COTS-related CDRLs.

28. As per the agreement in Mod. 8, VTHM has timely provided TACOM with COTS manuals for all applicable LSV systems.

29. However, TACOM has demanded that VTHM provide, in addition to COTS manuals, manuals and other data for parts, such as propellers and batteries, and other custom equipment and custom systems for which no commercial or off-the-shelf manuals exist.

30. TACOM has also demanded that VTHM provide, in addition to COTS manuals, supplemental data or revisions to the COTS manuals.

31. By letter dated January 27, 2005, TACOM demanded that VTHM provide "manuals" for 53 items, including batteries, propellers, strainers and custom designed systems, which TACOM claimed were "missing" and required pursuant to Paragraph 9 of Mod. 8. (The list of 53 items is hereinafter referred to as the "Missing 'COTS' List.")

32. Upon information and belief, the Missing "COTS" List was developed for TACOM by or with the assistance of A&I.

33. The Missing "COTS" List is not a part of the Contract.

34. The Missing "COTS" List seeks data or information that is not commercially available or "off-the-shelf" or a COTS manual, as that term is defined by industry usage and Department of Defense publications.

35. TACOM's demands for additional data or information, as evidenced in part by the Missing "COTS" List, exceed the minimum requirements of the Contract, as modified by Mod. 8.

36. VTHM has repeatedly notified TACOM that its demands seek data or information that has already been delivered to TACOM, does not exist, or exceeds the scope of VTHM's obligations under the Contract.

37. TACOM has wrongfully imposed the drastic sanction of a partial termination for default based upon VTHM's purported failure to timely deliver manuals, data and information that exceed the minimum Contract requirements.

38. By letter dated February 3, 2005 (hereinafter referred to as the "Show Cause Letter"), TACOM notified VTHM that it was considering default terminating a part of the Contract (i.e., the "remaining Logistics Management Information (LMI) requirements (CLIN 0036AA)") for VTHM's purported failure to perform a different part of the Contract (i.e., Paragraph 9 of Mod. 8).

39. On February 17, 2005, TACOM issued a notice to VTHM (hereinafter referred to as the "COTS Default Notice"), which indicated that TACOM was partially terminating the Contract for default for VTHM's alleged "failure to deliver the commercial materials (COTS) promised … in Modification P00008."

40. The COTS Default Notice purports to terminate not only the part of the Contract that TACOM claims VTHM is in default of, but also the remaining CDRLs under Contract CLIN 0036AA, as indicated in Show Cause Letter, and CLINs 0014AA, 0015AA and 0025AA, which were not specified in the Show Cause Letter.

41. In reaching its default termination determination, TACOM improperly expands the definition of the term "COTS manuals" and/or confuses the requirements of the CDRLs related to COTS manuals with the more-limited definition of the manuals themselves.

42. TACOM has misinterpreted the requirement of Paragraph 9 of Mod. 8 to provide "Commercial Off-the-Shelf (COTS) Manuals" to require that VTHM perform the requirements of CDRLs C023 and C028.

43. Upon information and belief, TACOM's contractor, A&I, is contractually obligated to perform the requirements of CDRLs C023 and C028, including providing items demanded by TACOM of VTHM in the Missing "COTS" List.

44. As a result of TACOM's improper demand for data and information in excess of the Contract requirements, VTHM has incurred costs and damages which will be quantified and proven at trial of this matter.

45. As a result of TACOM's improper partial termination for default, VTHM has incurred costs and damages which will be quantified and proven at trial of this matter.

## COUNT ONE

## IMPROPER TERMINATION FOR DEFAULT: COMPLETED PERFORMANCE

46. Because VTHM has timely provided all COTS manuals in their possession for all applicable LSV systems, VTHM has complied with the Contract requirements and is not in default of the Contract.

47. Consequently, TACOM's termination of VTHM's right to complete certain parts of the Contract for default is improper.

48. VTHM is entitled to conversion of the partial default termination into a partial termination for convenience, pursuant to FAR Section 52.249-2, Termination for Convenience of the Government (Fixed-Price) (Sep 1996), as incorporated into the Contract.

49. VTHM is further entitled to all costs and damages as a result of TACOM's improper termination for default as permitted by FAR Section 52.249-2.

## COUNT TWO

## IMPROPER TERMINATION FOR DEFAULT: ABUSE OF DISCRETION

50. TACOM has based its determination to terminate VTHM for default upon VTHM's alleged failure to provide data and information listed on the Missing "COTS" List.

51. The Missing "COTS" List is not a Contract requirement.

52. The Missing "COTS" List is in excess of the minimum Contract requirements.

53. Accordingly, TACOM's determination to terminate VTHM for default for not performing in excess of the minimum contract requirements is an abuse of discretion which renders the termination for default improper.

54. VTHM is entitled to conversion of the partial default termination into a partial termination for convenience, pursuant to FAR Section 52.249-2.

55. VTHM is further entitled to all costs and damages as a result of TACOM's improper termination for default.

## COUNT THREE

## IMPROPER TERMINATION FOR DEFAULT: IMPROPER INFLUENCE

56. TACOM has based its determination to terminate VTHM for default upon VTHM's alleged failure to provide data and information listed on the Missing "COTS" List.

57. The Missing "COTS" List, which is not a Contract requirement and lists requested data and information in excess of the minimum Contract requirements, was created for TACOM by or with the assistance of A&I.

58. TACOM's decision to terminate VTHM for default is unjustified in that VTHM performed at least the minimum requirements of the Contract.

59. TACOM's decision to terminate VTHM for default was influenced by an outside third party (i.e., A&I) who stands to benefit from having TACOM impose more than the minimum contract requirements upon VTHM.

60. TACOM abdicated its discretion in reaching the default termination when it improperly relied upon A&I's influence to determine whether VTHM was in default of performing the Contract requirements.

61. TACOM's determination to terminate portions of the Contract is arbitrary and capricious and an abuse of discretion.

62. An abuse of discretion will render a default termination improper.

63. VTHM is entitled to conversion of the partial default termination into a partial termination for convenience, pursuant to FAR Section 52.249-2.

64. VTHM is further entitled to all costs and damages as a result of TACOM's improper termination for default.

## COUNT FOUR

## IMPROPER TERMINATION FOR DEFAULT: ABUSE OF DISCRETION

65. In its Show Cause Letter, TACOM advised VTHM that it was considering terminating CDRLs remaining under CLIN 0036AA of the Contract for VTHM purported failure to deliver COTS manuals as required by Mod. 8.

66. The Show Cause Letter did not indicate that TACOM considered terminating other parts of the Contract.

67. In its COTS Default Notice, TACOM terminated a) VTHM's obligation to deliver COTS manuals as required by Mod. 8; b) CDRLs remaining under CLIN 0036AA and c) CLINs 0014AA, 0015AA and 0025AA under the Contract.

68. TACOM's determination to terminate portions of the Contract of which VTHM was not in default is an abuse of discretion.

69. An abuse of discretion will render a default termination improper.

70. Accordingly, VTHM is entitled to conversion of the partial default termination of CDRLs remaining under CLIN 0036AA and CLINs 0014AA, 0015AA and 0025AA under the Contract into a partial termination for convenience, pursuant to FAR Section 52.249-2.

71. VTHM is further entitled to all costs and damages as a result of TACOM's clear abuse of discretion and improper termination for default.

## COUNT FIVE

## IMPROPER TERMINATION FOR DEFAULT: LACK OF CURE NOTICE

72. Because the delivery date of the Contract has not expired, TACOM was required to provide a cure notice at least ten days prior to issuance of a notice of termination for default.

73. The Show Cause Letter requested that VTHM "present, in writing, any facts bearing" on TACOM's allegation that VTHM failed to deliver COTS manuals.

74. The Show Cause Letter does not request that VTHM cure a specified failure to perform.

75. On February 9, 2005, VTHM's Chief Executive Officer met in person with representatives of TACOM to discuss TACOM's allegations of non-performance.

76. On February 11, 2005, VTHM issued a letter to TACOM in response to the Show Cause Letter, wherein VTHM detailed to TACOM that it had provided all COTS manuals as required by Mod. 8 and that other data or information sought by TACOM were in excess of the Contract requirements.

77. Thereafter, TACOM never issued a notice specifying a failure to perform and requiring that VTHM cure the specified failure within ten days or longer.

78. Instead, on February 17, 2005, which is less than ten days after receipt of VTHM's response to the Show Cause Letter, TACOM issued the COTS Default Notice.

79. TACOM's failure to give a required cure notice results in an improper termination.

80. Accordingly, VTHM is entitled to conversion of the partial default termination into a partial termination for convenience, pursuant to FAR Section 52.249-2.

81. VTHM is entitled to all costs and damages permitted by FAR Section 52.249-2.

## COUNT SIX

## REINSTITUTION OF CERTIFIED CLAIMS FOR FAILURE OF CONSIDERATION

82. Through Mod. 8, VTHM released its Certified Claims in consideration of TACOM removing from the Contract VTHM's obligations to perform CDRLs C023 and C028 and the rescission of the earlier default termination.

83. There has been a failure of consideration for VTHM's release of its Certified Claims in that TACOM has demanded that VTHM perform all requirements of CDRLs C023 and C028 and has terminated VTHM for default for its purported failure to do so.

84. Because VTHM's release of its Certified Claim is not supported by consideration, VTHM is entitled to re-instatement of its Certified Claims.

85. Accordingly, VTHM hereby appeals TACOM's denial of the Certified Claims, which denial is deemed from TACOM's failure to timely respond to the Certified Claims.

86. VTHM is entitled to all costs and damages as claimed within the Certified Claims.

**WHEREFORE, plaintiff, VT Halter Marine, Inc., prays:**

87. That VTHM be found to have complied with the requirements of the Contract;

88. That TACOM's partial termination for default be deemed improper and overturned;

89. That the partial termination for default be converted to a partial termination for convenience;

90. That VTHM be awarded all costs and damages claimed in its Certified Claims;

91. That VTHM be awarded any and all allowable damages, attorneys' fees and costs for TACOM's improper and unjustified termination action;

92. That VTHM be awarded such other relief as the Court deems proper.

Respectfully submitted this 14th day of March 2005.

**KING, LEBLANC & BLAND, P.L.L.C.**

DAVID S. BLAND, Attorney of Record (LA #1257)
JULIE M. ARAUJO, Of Counsel (LA #26174)
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 583-1233
**Attorneys for VT Halter Marine, Inc.**

S:\2170\006\PLEADINGS\CFC COMPLAINT.COTS.REV2.DOC