IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VT HALTER MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-369C |
| | ) | (Judge Bush) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are plaintiff's characterization of the action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 are plaintiff's characterization of the action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding plaintiff's incorporation.

5. Admits.

6. Admits.

7. The allegations contained in paragraph 7 are conclusions of law to which no response is

required; to the extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 only to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 only to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 only to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits.

13. Admits.

14. The allegation contained in paragraph 14 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

15. Admits the allegations contained in paragraph 15 only to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 only to the extent supported by the claims which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 only to the extent supported by the notice, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits.

19. Admits.

20. The allegation contained in paragraph 20 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

21. Admits the allegations contained in paragraph 21 only to the extent supported by the notice, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 only to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits that, in December, 2004, the parties met and reached an agreement memorialized by Modification P0008; otherwise admits the allegations contained in paragraph 23 only to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 only to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 only to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 25.

26. The allegations contained in paragraph 26 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegation contained in paragraph 27 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in paragraph 29 only to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegation contained in paragraph 30 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

31. Admits, except the allegation concerning the company's specialization in LMI preparation, which is denied for lack of knowledge or information sufficient to form a belief as to its truth.

32. The allegation contained in paragraph 32 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

33. Denies.

34. Denies.

35. Admits the allegations contained in paragraph 35 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits A&I assisted defendant in developing the missing COTS list; avers that A&I's assistance was based upon information obtained earlier from plaintiff.

37. The allegation contained in paragraph 37 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

38. The allegation contained in paragraph 38 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

39. The allegation contained in paragraph 39 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

40. The allegation contained in paragraph 40 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

41. Admits.

42. The allegation contained in paragraph 42 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

43. Admits the allegations contained in paragraph 43 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. The allegation contained in paragraph 45 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

46. Admits the allegations contained in paragraph 46 only to the extent supported by the

document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47. Admits the allegations contained in paragraph 47 only to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Admits the allegations contained in paragraph 48 only to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 48.

49. The allegation contained in paragraph 49 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

50. The allegation contained in paragraph 50 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

51. Admits.

52. The allegations contained in paragraph 52 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

53. Admits that TACOM has demanded the return of $648,120; the remaining allegations contained in paragraph 53 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegation contained in paragraph 56 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

57. The allegation contained in paragraph 57 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

58. The allegation contained in paragraph 58 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

59. The allegation contained in paragraph 59 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

60. The allegation contained in paragraph 60 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

61. The allegation contained in paragraph 61 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

62. The allegation contained in paragraph 62 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

63. Admits the allegations contained in paragraph 63 only to the extent supported by the termination decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 63.

64. The allegation contained in paragraph 64 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

65. The allegation contained in paragraph 65 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

66. The allegation contained in paragraph 66 is a conclusion of law to which no response is

required; to the extent that it may be deemed an allegation of fact, it is denied.

67. The allegation contained in paragraph 67 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

68. The allegation contained in paragraph 68 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

69. Admits the allegations contained in paragraph 69 only to the extent supported by the termination decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 69.

70. Admits the list was created with the assistance of A&I, as explained in the answer to paragraph 36; the remaining allegations contained in paragraph 70 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

71. The allegation contained in paragraph 71 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

72. Denies.

73. The allegation contained in paragraph 73 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

74. The allegation contained in paragraph 74 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

75. The allegation contained in paragraph 75 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

76. The allegation contained in paragraph 76 is a conclusion of law to which no response is

required; to the extent that it may be deemed an allegation of fact, it is denied.

77. The allegation contained in paragraph 77 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

78. Admits the allegations contained in paragraph 78 only to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 78.

79. Admits the allegations contained in paragraph 79 only to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 79.

80. Admits the allegations contained in paragraph 80 only to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 80.

81. The allegation contained in paragraph 81 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

82. The allegation contained in paragraph 82 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

83. The allegation contained in paragraph 83 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

84. The allegation contained in paragraph 84 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

85. The allegation contained in paragraph 85 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

86. Admits the allegations contained in paragraph 86 only to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 86.

87. Admits the allegations contained in paragraph 87 only to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 87.

88. Admits.

89. Admits the allegations contained in paragraph 89 only to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph

90. Admits.

91. Admits the allegations contained in paragraph 91 only to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 91.

92. The allegation contained in paragraph 92 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

93. The allegation contained in paragraph 93 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

94. The allegation contained in paragraph 94 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

95. The allegation contained in paragraph 95 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

96. The allegation contained in paragraph 96 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

97. The allegation contained in paragraph 97 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

98. The allegations contained in paragraph 98 are a conclusion of law and a characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

99. The allegation contained in paragraph 99 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

100. Denies each and every allegation not previously admitted or otherwise qualified.

101. Denies that plaintiff is entitled to the relief requested in its prayer for relief contained in paragraphs 100 through 105, or to any relief whatsoever.

WHEREFORE, defendant requests that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:

CPT PATRICK BUTLER
Department of the Army
Litigation Division
Arlington, VA

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St. N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-2311

Attorneys for Respondent

May 16, 2005

CERTIFICATE OF FILING

I hereby certify that on May 16, 2005, a copy of the foregoing "DEFENDANT'S ANSWER," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven J. Gillingham