IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VT HALTER MARINE, INC., Plaintiff, | ) | |
| v. | ) | No. 05-369C (Judge Bush) |
| THE UNITED STATES, Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 of the Rules of the United States Court of Federal Claims ("RCFC"), and Appendix A to this Court's rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Part III of Appendix A.

**a. Does the Court have jurisdiction over the action?**

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1491. The Government is presently unaware of any basis upon which to challenge the Court's jurisdiction.

**b. Should the case be consolidated with any other case?**

No.

**c. Should the trial of liability and damages be bifurcated?**

At this point, the parties cannot determine whether any trial should be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

No.

**e. Will a remand or a suspension be sought?**

No.

**f. Will additional parties be joined?**

No.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

At this time, the parties are unable to determine whether they will file dispositive motions. However, should either party determine that a dispositive motion is appropriate, such motions will be filed either before or after the period for discovery has been completed.

**h. What are the relevant issues?**

1. Whether the partial termination of Plaintiff's contract upon the ground that plaintiff failed to timely deliver Commercial Off The Shelf ("COTS") manuals was improper, because plaintiff had, in fact, timely performed all contract requirements related to COTS manuals, as alleged in Counts I and II, Amended Complaint.

2. Whether the contracting officer abused his discretion due to improper influence by A&I Technology, Ltd., a Government contractor, as alleged in Count III, Amended Complaint.

3. Whether the contracting officer abused his discretion by terminating for default certain parts of the contract (CLINs 0014AA, 0015AA, 0025AA and 0036AA) when the contracting officer alleged that the contractor was in default of a different part of the Contract (Modification P00008, paragraph 9) and by failing to give the contractor notice that TACOM was considering terminating parts of the contract other than CLIN 0036AA, as alleged in Count IV, Amended Complaint

4. Whether the Government failed to send a cure notice concerning plaintiff's alleged failure to provide COTS manuals; and, if so, whether the partial termination of plaintiff's contract upon that ground is improper, as alleged in Count V, Amended Complaint.

5. Whether TACOM demanded that plaintiff deliver documentation in excess of contract requirements, failed to rescind the earlier default termination of CDRLs C023 and C028 and, if so, whether plaintiff may pursue its claims previously released by Modification 8, as alleged in Count VI, Amended Complaint.

**i. What is the likelihood of settlement?**

At this time, the parties cannot determine the likelihood of settlement, but will continue to assess the appropriateness of settlement, as well as the potential for ADR to assist them reach a settlement.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

If the parties do not submit dispositive motions or settle the matter, they anticipate a trial in New Orleans, Louisiana , or a more mutually convenient venue for the parties and witnesses

that the parties might later identify. At this time, the parties do not request expedited trial scheduling.

**k. Is there any other information of which the Court should be aware at this time?**

1. The contract at issue still is being performed. To the extent that additional claims arise, plaintiff intends to request permission to amend the complaint to add any such claims.

2. Defendant's counsel has been recalled to active military service for the period from July 5, 2005, through September 30, 2005, out of the country.

**l. What is the proposed discovery plan?**

Counsel for both parties intend to conduct simultaneous discovery through initial voluntary disclosures, interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose a discovery deadline of March 30, 2006. The parties anticipate that they would meet thereafter to discuss the possibility of settlement or how to proceed.and, propose that no later than April 15, 2006, they file a status report with the Court concerning the result of that meeting. If settlement is not likely, they will propose a schedule for the exchange of any expert reports, expert depositions, and for trial or dispositve briefing.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/David S. Bland
KING, LEBLANC & BLAND, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
Tel: 504-582-3800
Facsimile: 504-583-1233

Attorney for Plaintiff

s/ Steven J. Gillingham
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. St. N.W
Attention: Classification Unit,
8th Floor,
Washington, D.C. 20530
Tel: 202-616-2311
Facsimile: 202-353-7988

Attorneys for Respondent

OF COUNSEL:

CPT. PATRICK BUTLER
Judge Advocate General's Corps
U. S. Army Litigation Division
Arlington, VA

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2005, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Steven J. Gillingham